**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1001-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LAVOUNT PETERSON, a/k/a
LAMONT BARB, CRIP, LARRY
FENNELL, LAURENT, MAN,
LEVANT PETERSON, LEVAUNT
PETERSON, L DAURRELL
PETERSON, and DIRALE
PETERSON LEVAUNT,

    Defendant-Appellant.

_____

Submitted September 15, 2020 – Decided September 23, 2020

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 96-09-1143.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Albert Cernadas, Jr., Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Lavount Peterson appeals from an order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

## I.

In 1998, a jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2), and related conspiracy and weapons offenses. The evidence at trial established that defendant stabbed the victim, who was a friend and neighbor, seven times.

Defendant was sentenced to life imprisonment with thirty years of parole ineligibility. He filed a direct appeal, and we affirmed his convictions and sentence. State v. Peterson, No. A-6938-97 (App. Div. June 21, 2000). The Supreme Court denied his petition for certification. 165 N.J. 605 (2000).

In November 2000, defendant, representing himself, filed a PCR petition. He was assigned counsel and, following various procedural delays, the petition was denied in an order entered on August 6, 2010.

Defendant appealed, making various arguments. We rejected most of those arguments but remanded for an evidentiary hearing on the sole issue of

whether trial counsel was ineffective in not presenting a diminished capacity defense based on defendant's mental health conditions. State v. Peterson, No. A-2758-10 (App. Div. Oct. 29, 2012).

A four-day evidentiary hearing was conducted in late 2014 and early 2015. Two witnesses testified: defendant and his trial counsel.

Trial counsel testified from memory because his trial file could not be located. He explained that he was aware of defendant's psychiatric disorders and substance abuse, wanted to pursue a diminished capacity defense, and retained a psychiatrist to examine defendant. Defendant, however, refused to answer the psychiatrist's questions.

Defendant testified that he did not cooperate with the psychiatrist because his counsel had not informed him of the psychiatrist's scheduled visit and had previously instructed him not to talk to anyone else about his case. Trial counsel could not recall exactly what happened next but testified that he would not have stopped pursuing the diminished capacity defense without defendant's informed agreement. He vaguely recalled discussing the defense with defendant after defendant refused to talk with the psychiatrist, and that defendant did not want to pursue the psychiatric diminished capacity defense.

In contrast, defendant testified that after he refused to talk with the psychiatrist, he spoke to his trial counsel via telephone and instructed him to reschedule the psychiatrist because he wanted to pursue a mental health defense. Defendant also testified that the psychiatrist never came back, and that counsel told him at a subsequent, in-person meeting that the psychiatrist could not help him.

After hearing the evidence, the PCR court heard oral arguments from counsel on May 5, 2015. The court questioned PCR counsel concerning the need for an expert report to support defendant's claim that he had a viable mental health diminished capacity defense. The PCR court then gave PCR counsel time to obtain such an expert and submit a report. Counsel ultimately informed the court that no report would be presented.

On October 20, 2015, the PCR court entered an order and written opinion denying defendant's PCR petition. The court found that defendant had failed to establish either prong needed to show ineffective assistance of counsel. Concerning the first prong, the court found that defendant had failed to establish that his trial counsel had failed to perform below professional norms. In that regard, the PCR court credited trial counsel's testimony that he would not have

4

abandoned a diminished capacity defense without defendant's informed agreement. The PCR court did not accept defendant's contrary testimony.

Addressing prong two, the PCR court found that without an expert report, defendant could not establish prejudice because he had no evidence showing that he had a viable mental health diminished capacity defense. Noting that a diminished capacity defense required a showing that defendant had a condition that prevented him from forming the requisite mental state for murder, the PCR court also found that defendant had not submitted an affidavit, certification, or statement showing that mental condition. Accordingly, the court concluded defendant had failed to show that the outcome of the trial would have been different if trial counsel had pursued a mental health diminished capacity defense.

## II.

On this appeal, defendant makes one argument, which he articulates as follows:

> THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO PURSUE MR. PETERSON'S MENTAL HEALTH ISSUES AS A DEFENSE TO FIRST-DEGREE MURDER AND IN FAILING TO SEND [THE

PSYCHIATRIST] BACK TO THE JAIL TO EVALUATE HIS CLIENT.

We agree with the PCR court that defendant failed to establish either prong needed to show ineffective assistance of counsel and we therefore reject this argument and affirm. To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58-59 (adopting the Strickland test in New Jersey).

We apply a deferential standard of review to an appeal of a denial of a PCR petition following an evidentiary hearing. State v. Pierre, 223 N.J. 560, 576 (quoting State v. Nash, 212 N.J. 518, 540 (2013)). The factual findings made by a PCR court will be accepted if they are based on "sufficient credible evidence in the record." Ibid. (quoting Nash, 212 N.J. at 540). In contrast, interpretations of the law "are reviewed de novo." Id. at 576-77 (quoting Nash, 212 N.J. at 540-41).

Here, defendant failed to establish the first prong in light of the credibility and factual findings made by the PCR court. The PCR court found trial counsel

to be credible when he testified that he would not have stopped pursuing a mental health diminished capacity defense without defendant's agreement after hearing both his and defendant's testimony. Just as importantly, the court did not accept or credit defendant's testimony that he instructed his counsel to continue to pursue a mental health defense. We discern no basis for rejecting those credibility findings, which are supported by substantial credible evidence developed at the evidentiary hearing.

To establish the second prong, defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Accordingly, defendant must affirmatively prove prejudice to his defense. Ibid. Here, defendant failed to show prejudice. As the PCR court correctly found, defendant submitted no expert report or any other evidence showing he had a viable mental health diminished capacity defense. Instead, he asks us to assume that his mental health records, without any expert opinion, are sufficient to establish that he would have had such a viable defense in 1998. We cannot accept such speculation. The law is "clear that . . . purely speculative deficiencies in representation are insufficient to justify reversal." Fritz, 105 N.J. at 64 (citations omitted); see also State v. Arthur, 184 N.J. 307, 327-28 (2005).

A-1001-18T4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1001-18T4